**Andrew J. HEATH**

v.

**Allen CORNELIUS, Jr.**

Supreme Court of Tennessee.

May 6, 1974.

Rehearing Denied July 15, 1974.

Philip M. Carden, Nashville, for plaintiff-appellant.

David M. Pack, Atty. Gen., Bart Durham, Asst. Atty. Gen., Nashville, for defendant-appellee.

## OPINION

McCANLESS, Justice.

This case raises the question whether a criminal court judge is immune from civil suit for actions he takes while presiding over a criminal case in which he had jurisdiction. The act here involved was the judge's order to have Andrew J. Heath, now the plaintiff in this cause, then the defendant to a criminal charge, taken into custody and his bond revoked without a hearing because his attorney failed to appear at Heath's arraignment. The court sustained the defendant's motion to dismiss under Rule 12.02(6) of the Tennessee

Rules of Civil Procedure. Direct appeal was therefore granted to this Court.

The plaintiff, Heath, was arrested December 17, 1971, on a misdemeanor charge and released on five hundred dollars bond. He appeared for arraignment on September 14, 1972, before the defendant judge in the Criminal Court of Davidson County, Division III. Plaintiff's counsel did not appear, however, and the plaintiff informed the court that he did not know that his lawyer was supposed to be present. The defendant replied, "Take him into custody. We'll review his bond." The plaintiff remained in jail until September 18, 1972, when his lawyer informed him the defendant judge that he had not been notified of the arraignment date. The defendant then set new bail for plaintiff and ordered his release.

On March 1, 1973, the plaintiff filed suit against the defendant and the sheriff for false imprisonment, suing for $10,000.00 in compensatory and punitive damages. He later took a non-suit as to the sheriff. The defendant, represented by an Assistant Attorney General of the State, moved for a more definite statement under Rule 12.-05, Tennessee Rules of Civil Procedure. The plaintiff moved to require the Assistant Attorney General to show his authority to represent a judge in a civil suit, and to strike the defendant's motion for a more definite statement.

On April 20, 1973, the trial court overruled the plaintiff's motion to strike and took under advisement his motion to require the State to show its authority. The court granted the defendant's motion for a more definite statement.

Thereafter, on May 1, 1973, the plaintiff amended his complaint in compliance with the court's order, setting forth the facts which gave rise to the action for false imprisonment. The defendant then filed his motion to dismiss, contending that because of the doctrine of judicial immunity the complaint failed to state a cause upon which relief could be granted. The de-fendant also filed a motion for summary judgment, alleging the same grounds. Plaintiff then moved to strike the summary judgment motion, and all motions were set for a hearing on June 15, 1973. Following that hearing, the court overruled the plaintiff Heath's two pending motions, and granted defendant's motion to dismiss. On August 7, 1973, the court overruled the plaintiff's motion for a new trial and granted this appeal to the Supreme Court.

The plaintiff assigns as error the trial court's granting of the defenant's motion to dismiss on grounds of judicial immunity. The courts of this State have recognized the general rule of judicial immunity since the decision in Webb v. Fisher, 109 Tenn. 701, 72 S.W. 110 [1902]. The rule is that a civil action for damages will not lie against a judge of a court of general jurisdiction for his judicial acts if such acts were committed within the jurisdiction of his court. If done within his jurisdiction neither the correctness of nor motive behind the acts affects the immunity. The Court in Webb v. Fisher, supra, was guided by the first case establishing the doctrine of judicial immunity by the Supreme Court of the United States, Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 [1872]. The doctrine has most recently been upheld by that court in Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed. 2d 288 [1967].

In Bradley v. Fisher, supra, the Supreme Court of the United States held that judicial immunity could be lost only for acts over which the judge had no jurisdiction whatever:

"... (J)udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly

no jurisdiction over . . . the subject-matter, any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend."

The rule was also expressed in Boles v. Cox, 252 F.Supp. 173 [E.D.Tenn.1966]:

"Where there is jurisdiction over the subject matter and the person there is immunity, and even though a judge acts in excess of his jurisdiction the immunity remains. . . . But where an act is done in the clear absence of all jurisdiction and this is known to the judge there is no immunity."

See also Thompson v. Heither, 235 F.2d 176 [6th Cir. 1956].

█ Applying the rule to the facts in this case, we hold that the defendant was exempt from civil liability. The judge had jurisdiction over the person of Andrew Heath, as well as over the offense with which Heath was charged. As observed above, allegations by the plaintiff of corruptness, malice, or error cannot abrogate this immunity. Webb v. Fisher and Bradley v. Fisher, supra. The rule was created not for the benefit of the individual judge, but for the benefit of the people; the doctrine protects the judiciary from vexatious lawsuits by dissatisfied litigants, thus avoiding a trend which would "contribute not to principled and fearless decision-making but to intimidation." Pierson v. Ray, supra.

█ The plaintiff assigns as a second error the trial court's granting of the de-

fendant's motion for a more definite statement. Rule 12.05 provides in pertinent part:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading."

The plaintiff's original complaint is shown below in its entirety:

"The plaintiff sues the defendants jointly and severally for ten thousand dollars compensatory and punitive damages for falsely imprisoning the plaintiff for more than four days from the morning of September 14, 1972, until the afternoon of September 18, 1972 without any authority of law."

The language of our Rule 12.05 is identical with that in Rule 12(e) of the Federal Rules of Civil Procedure. The federal courts have held that the granting or denial of a motion for more definite statement rests in the sound discretion of the court. 1A Barron and Holtzoff, Federal Practice and Procedure, Section 362, p. 435; 5 Wright and Miller, Federal Practice and Procedure, Section 1378, p. 773. In our opinion, the trial judge did not abuse his discretion in granting the defendant's motion. We agree that the Rule 12.05 motion should not be used frivolously, so that it leads to delay or harassment; however, the use of the motion for purposes of terminating suits at the pleading stage on the basis of valid threshold defenses has been recognized. This use of the motion is justified on grounds of promoting the speedy adjudication of cases, which is a major purpose of both the Federal and Tennessee Rules of Civil Procedure. 5 Wright and Miller, supra, Section 1376, p. 743. The trial judge did not abuse his discretion in granting the motion.

█ The plaintiff contends that the Assistant Attorney General has no authority

under Tennessee law to represent a judge in a civil suit. The Attorney General is given broad authority by the legislature in Section 8–609, T.C.A., where his specific duties are set forth. Section 8–609(8) provides that he shall be required "to attend to any other duty which may devolve upon him, or be imposed upon him by law." We hold that public policy and the broad range of duties required by the legislature permit the Attorney General to represent a judge of the criminal court who is charged in a civil suit for actions arising out of his official duties. The State has a strong interest in the outcome of a suit filed against a judge because of actions taken in the course of his official business. That result was reached in Mundy v. McDonald, 216 Mich. 444, 185 N.W. 877 [1921], where the Michigan Supreme Court upheld the Attorney General's right to represent a judge sued in a civil action for his judicial acts. There the court said:

"A broad discretion is vested in this officer in determining what matters may, or may not, be of interest to the people generally. We must recognize the fact that the office of Attorney General is ancient in its origin and history, and it is generally held by the states of the Union that the Attorney General has a wide range of powers at common law. These are in addition to his statutory powers. . . . It is too narrow a view of the case to say that the people of this state are not interested in the defense in a case of this nature, which involves the purely legal question of the regularity of the criminal proceeding conducted in the circuit court wherein the Attorney General was acting on behalf of the people. Certainly if the people of the state can be said to be interested in a criminal proceeding, they are, we think, equally interested in this action growing out of it, depending as it does entirely upon whether the acts of the defendant complained of were judicial acts."

The final assignment of error, that the trial court erred in overruling the plaintiff's motion to strike the defendant's motion for summary judgment, is pretermitted. The case was dismissed by the trial judge on the defendant's motion to dismiss for failure to state a cause of action, pursuant to Rule 12.02(6). For this reason, it was unnecessary for the trial court to rule on the defendant's motion for summary judgment.

The judgment of the trial court, granting defendant's motion to dismiss, is affirmed.

DYER, C. J., FONES, J., and JENKINS and LEECH, Special Justices, concur.