IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, October 31, 2002

## J.D. HICKMAN v. LYNN BROWN

**Direct Appeal from the Circuit Court for Johnson County**
**No. 2257     Hon. Thomas J. Seeley, Jr., Circuit Judge**

**FILED JANUARY 29, 2003**

**No. E2002-02020-COA-R3-CV**

Plaintiff charged a Trial Judge with violating Plaintiff's civil rights by assessing him with court costs in another case. The Trial Judge dismissed the action. We Affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

J.D. Hickman, Mountain City, Tennessee, *pro se.*

Paul G. Summers, Attorney General and Reporter, and Martha A. Campbell, Senior Counsel, Nashville, Tennessee, for Appellee.

**OPINION**

Plaintiff, an inmate acting *pro se* brought this action against defendant, a Judge, because the Judge had assessed court costs against plaintiff in a proceeding involving another prisoner. The other prisoner's habeas corpus petition was dismissed, and defendant Judge found that plaintiff had engaged in the unauthorized practice of law in assisting the other prisoner as a basis to tax costs in that proceeding against plaintiff.[1] Plaintiff, on appeal to the Court of Criminal Appeals, obtained a reversal of defendant's Judgment for costs, because under the statute, costs could only

---

[1]Plaintiff at one time was licensed to practice law. *See Hickman v. Tennessee Bd. Of Paroles*, 78 S.W.3d 285 (Tenn. Ct. App. 2001).

be taxed to one of the parties.

Plaintiff in this action, alleged that his civil rights had been violated by the defendant Judge, and sought compensatory and punitive damages. Defendant's Motion to Dismiss, claiming judicial immunity, was sustained, and this appeal ensued.

The doctrine of judicial immunity has long been recognized in this State. *See Heath v. Cornelius*, 511 S.W.2d 683 (Tenn. 1974); *Webb v. Fisher*, 109 Tenn. 701, 72 S.W. 110 (1902). As our Supreme Court explained in *Heath*:

> The rule is that a civil action for damages will not lie against a judge of a court of general jurisdiction for his judicial acts if such acts were committed within the jurisdiction of his court. If done within his jurisdiction neither the correctness of nor motive behind the acts affects the immunity.

511 S.W.2d 683, 684. The Opinion quoted with approval from *Bradley v. Fisher*, 80 U.S. 335 (1872):

> . . . (J)udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over . . . the subject-matter, any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

*Id*. at 684-685. *Also see, Harris v. Witt*, 552 S.W.2d 85 (Tenn. 1977); *Cashion v. State*, 1999 Tenn. App. LEXIS 623 (Tenn. Ct. App. Sept. 17, 1999); *Slate v. State*, 1999 Tenn. App. LEXIS 811(Tenn. Ct. App. Dec. 10, 1999). Moreover, this Court has held that judicial immunity applies even when the plaintiff alleges a violation of his or her constitutional rights, based upon U.S. Supreme Court authority. *Slate*, at p. 2; *see also Pierson v. Ray*, 386 U.S. 547, 87 S. Ct. 1213 (1967).

The issue before us is whether the defendant was acting in a "judicial" capacity, and whether he had jurisdiction to act. *See Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286 (1991); *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099 (1978)*; see also Heath*, *Cashion* and *Slate*.

A "judicial" act has been defined as one normally performed only by a judge (as opposed to administrative or other functions which a judge might incidentally perform, but which

could just as well be performed by someone else).  *Forrester v. White*, 484 U.S. 219, 108 S. Ct. 538 (1988); *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099 (1978).  An act is within a judge's jurisdiction if the subject matter is within the scope of his or her jurisdiction, and the scope of the judge's jurisdiction is to be construed broadly in questions of judicial immunity, and immunity will not be removed unless there is a "clear absence of all jurisdiction".  *Id*.

Accordingly, so long as the judge is performing a "judicial" act, and the act falls within the subject matter jurisdiction of the judge, then absolute immunity from suit attaches.  *Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286 (1991).  The same obtains even when the judge acts with "malice or corruption of motive" or when the action is erroneous or exceeds the judge's authority.  *Id*.

In this case, the defendant Judge had subject matter jurisdiction over the petition, and had the authority to assess court costs in cases within this jurisdiction.  The fact that the Judge erred in assessing court costs to plaintiff is of no consequence, as the act of assessing court costs is unquestionably a judicial act.  *See Slate*.

On the foregoing grounds, we affirm the Judgment of the Trial Court and remand, with the costs of the appeal assessed to J.D. Hickman.


_____
HERSCHEL PICKENS FRANKS, J.