IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 1, 2003 Session

## NEIL M. FRIEDMAN v. LYNN W. BROWN

### Direct Appeal from the Circuit Court for Carter County
No. C8224     Hon. William H. Inman, Circuit Judge by designation

No. E2002-01615-COA-R3-CV
May 14, 2003

Plaintiff sued Trial Judge for wrongful incarceration. Trial Court held Judge was immune for actions taken against plaintiff in court. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., concurred and filed a separate opinion, and D. MICHAEL SWINEY, J., joined.

Thomas E. Cowan, Jr., Elizabethton, Tennessee, for Appellant.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General and Kimberly J. Dean, Deputy Attorney General, Nashville, Tennessee, for Appellee.

### OPINION

In this action against a trial judge, the Trial Court dismissed the action on the grounds of judicial immunity, holding "the bar of judicial immunity is not absolute, but the recognized exceptions are inapplicable herein, since Judge Brown's acts were judicial in nature, and he enjoyed general subject matter jurisdiction over the kind of case involved."

On appeal, plaintiff insists that the Trial Court's action in revoking plaintiff's probation and ordering him to serve out the remainder of his suspended sentence after the term of the original sentence expired, was not protected by judicial immunity.

Plaintiff was convicted by a jury of a third DUI offense and driving on a revoked license. The judgment Order was entered on January 30, 1997, and sentenced him to 11 months and 29 days' incarceration in the county jail, with six months suspended on probation on the DUI, and 6 months for the revoked license charge, suspended except for 30 days. He was fined $5,500.00 and his driving privileges were revoked for six years. Upon conclusion of the post-trial and appellate proceedings, he commenced serving four months beginning on January 4, 1999.[1] There were no further legal proceedings in this matter during the balance of the probationary term, which expired by law in January, 2000.

On August 17, 2000, Defendant Brown initiated the issuance of an arrest warrant against Plaintiff for violating the terms of probation, and defendant was re-incarcerated from August 17 to December 21, 2000. At a hearing on October 18, 2000 plaintiff's Motion to Dismiss for lack of jurisdiction was denied, despite concurrence by the assistant attorney general *pro tem* recommending that the proceedings against the plaintiff be terminated. Plaintiff ultimately gained his release on Order from the Court of Criminal Appeals, and ultimately the Court of Criminal Appeals held the Trial Court had no authority to revoke the probation and ordering the serving of the original sentence. *See State v. Friedman,* 2001 Tenn. Crim. App. Lexis 778 (Sept. 24, 2001).

Plaintiff then filed this action, alleging false imprisonment, outrageous conduct, and violation of civil rights pursuant to 42 U.S.C. § 1983.

A motion to dismiss for failure to state a claim tests the legal sufficiency of the Complaint, which shall be liberally construed in favor of the plaintiff and all of its allegations taken as true. *Huckeby v. Spangler,* 521 S.W.2d 568, 571 (Tenn. 1975).

The doctrine of judicial immunity was established in modern American law in *Bradley v. Fisher,* 80 U.S. (1872), and followed in Tennessee in *Webb v. Fisher,* 72 S.W. 110 (Tenn. 1902). The general rule is that a judge is immune from a civil action for damages for his or her judicial actions if the acts were committed within the jurisdiction of his/her court. *Heath v. Cornelius,* 511 S.W.2d 683, 684 (Tenn. 1974). "Few doctrines were more solidly established at common law than the immunity of judges for acts committed within their judicial jurisdiction." *Pierson v. Ray,* 386 U.S. 547, 554 (1967). The purpose of immunity is to assure that judges will be at liberty to carry out their functions with complete independence and "insulat[ed] . . from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White,* 484 U.S. 219, 225 (1988). It is a "general principle of the highest importance that a judicial officer should be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley.* This doctrine also serves to establish appellate procedures as a standard method for correcting judicial errors. *Forrester* at 225:

> When officials are threatened with personal liability for acts taken pursuant to their official duties, they may well be induced to act with an excess of caution or otherwise

---

[1] At Plaintiff's court appearance on December 22, 1998, the Court reduced the time to be served to four months.

to skew their decisions in ways that result in less than full fidelity to the objective and independent criteria that ought to guide their conduct. *Id.* at 223.

Immunity is not abrogated, even if the judge acts maliciously or corruptly. *Pierson*, 386 at 554. *Heath v. Cornelius*, 511 S.W.2d 683, 684 (Tenn. 1974); *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

In a good analysis, the United States 11th Circuit Court of Appeals in *Harris v. Deveaux,* 780 F.2d 911 (11th Cir. 1986), in considering a Section 1983 action against a judge said:

In enacting 42 U.S.C. § 1983, Congress did not abrogate the doctrine of judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Judicial immunity is an absolute immunity; it applies even where a judge acts maliciously. *Id.* at 356, 98 S.Ct. At 1104. In *Stump*, the Supreme Court established a two-part test for determining whether a judge enjoys immunity from money damages under section 1983. First, whether the judge dealt with the plaintiff in a judicial capacity. *Id.* at 362, 98 S.Ct. At 1007. If not, then judicial immunity does not apply. If so, then the question is whether the judge acted in the "clear absence of all jurisdiction". *Id.* at 357, 98 S.Ct. At 1105. . . .

The test for analyzing whether a particular conduct is judicial is to consider the nature of the act itself, i.e., whether it is a function normally performed by a judge and the conduct occurred while the judge was acting in his judicial capacity. *Stump,* 453 U.S. 349, 362 (1978). *See also, King v. Love,* 766 F.2d 962 (6th Cir. 1985). If the act was based upon an erroneous view of the law, or otherwise totally invalid from a procedural standpoint, it is no less a judicial act, just an incorrect one. *Bradley* 80 U.S. at 357.

The Judge's actions as described in the Complaint, were judicial acts.

As to the second exception to judicial immunity, the clear absence of all jurisdiction, the law differentiates between those acts taken in complete absence of all jurisdiction, and those taken merely in the excess of jurisdiction:

A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

*Bradley,* 80 U.S. 355, 351-352 (1872).

The law is well-settled that a trial court which merely acts in excess of authority is not acting in the "clear absence of all jurisdiction". *Stump,* 435 U.S. at 356; *Sevier v. Turner,* 742 F.2d 262 (6th Cir. 1984). For this prong of the *Stump* test, the analytical key is if the action in question involves the subject matter over the type of case the judge normally has jurisdiction to hear, then the judge has not acted in the absence of jurisdiction. *Id.; Lopez v. Vanderwater,* 620 F.2d 1229, 1234 (7th Cir. 1980). Generally, if there is subject matter jurisdiction in a particular area, there will be sufficient jurisdiction for the purposes of immunity. *Barnes*, 105 F.3d 1122. Even "grave procedural errors" by the court, do not demonstrate a clear absence of all jurisdiction or deprive the judge of the shield of immunity. *Stump,* 435 U.S. 349. The defendant herein, a criminal court circuit judge, has exclusive original jurisdiction of all criminal matters. *See* Tenn. Code Ann. § 16-10-192 and 40-1-108. Under the allegations of the complaint, defendant herein acted in excess of his jurisdiction, but it cannot be said that he acted in the clear absence of all jurisdiction under the above cases.

We hold that the Complaint has not alleged sufficient facts to abrogate defendant's judicial immunity. For the foregoing reasons, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to the plaintiff, Neil M. Friedman.

_____
HERSCHEL PICKENS FRANKS, J.

-4-