# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs January 12, 2004

## JAMES RAY BARTLETT v. GAIL CORDER, ET AL.

### Appeal from the Circuit Court for Lincoln County
No. C0200217     L. Craig Johnson, Judge

---

### No. M2003-00863-COA-R3-CV - Filed June 17, 2004

---

An inmate who was convicted and sentenced for passing worthless checks filed suit against six officers of the court for conspiracy, violation of his constitutional rights, and various derelictions of duty. The plaintiff asked the trial court to sanction the defendants by impeachment and/or disbarment. He also asked for $33 million in monetary damages. The trial court dismissed the Complaint for failure to state a claim for which relief can be granted. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

James Ray Bartlett, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Heather C. Ross, Senior Counsel, for the Appellees, Judge Charles Lee, Assistant District Attorneys General Charles Grubb, Ann Filer and Weakley E. Barnard and Randall E. Self.

Jeffrey M. Beemer; Jennifer L. Gremillion, Nashville, Tennessee, for the appellee, Gail Corder.

# MEMORANDUM OPINION[1]

## I. WORTHLESS CHECKS

In June of 2001, James Ray Bartlett plead guilty in the General Sessions Court of Lincoln County to two misdemeanor counts of passing worthless checks. He was sentenced to two consecutive terms of imprisonment of 11 months and 29 days each. Mr. Bartlett has a long history of criminal behavior and convictions, including theft, aggravated assault, aggravated burglary and larceny. *See State v. Bartlett*, No. M2001-02419-CCA-R3-CD, 2002 WL 31158616 (Tenn. Crim. App. Sept. 20, 2002) (no Tenn. R. App. P. 11 application filed).

Mr. Bartlett appealed his sentences to the Circuit Court. A sentencing hearing was conducted in that court on September 18, 2001. Following the hearing, the trial judge modified the sentences so they could be served concurrently with each other at 75%. Mr. Bartlett was on parole at the time he passed the worthless checks, and the Circuit Court affirmed the General Sessions Court's determination that the new sentences were to be served consecutively to his pending unexpired sentences.

On September 20, 2002, Mr. Bartlett filed the instant Complaint in forma pauperis, which he titled "Civil Conspiracy to Violate State Statutory Law." The body of the Complaint accuses the court personnel who were involved in his sentencing proceeding of conspiracy, violating his constitutional rights, malicious prosecution and other wrongs. He named as defendants Circuit Court Judge Charles Lee; Clerk of the Lincoln County Courts Gail Corder; Assistant District Attorneys Weakley Barnard, Charles Grubb, and Ann Filer; and Mr. Bartlett's own court-appointed counsel, Randall Self. He asked that the defendants be impeached and/or disbarred and reported to the Board of Professional Responsibility for disciplinary action. Mr. Bartlett also asked for compensatory damages of over $11 million and punitive damages of over $22 million.

The State filed a Motion under Tenn. R. Civ. P. 12.02(6) to dismiss the Complaint for failure to state a claim for which relief can be granted. Ms. Corder filed a separate Motion to Dismiss on the same ground. Judge L. Craig Johnson was appointed by the Supreme Court to sit by interchange and hear the case. Following a hearing, the Motion was granted. This appeal followed.

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## II. AN ALLEGED CONSPIRACY

We need not spend too much time discussing the factual predicate for Mr. Bartlett's claims. It appears to us that the irregularities the plaintiff complains of are mere clerical errors that do not appear to have any relationship to the injuries he claims to have suffered. For the sake of completeness, however, we will attempt to the best of our understanding to describe the facts that led to his allegation of conspiracy.

Mr. Bartlett had been charged with three other misdemeanors in the General Sessions Court aside from the two counts of passing worthless checks: theft under $500, deceptive business practices, and filing a false report with the police. After a hearing, the court found him guilty of those charges. No plea was negotiated on the worthless check charges, but Mr. Bartlett chose to plead guilty to them.

The parties do not dispute that on June 18, 2001, Mr. Bartlett filed a Notice of Appeal in the Circuit Court of Lincoln County. The General Sessions charges each carried a different number, but the Notice of Appeal referenced all five. The Circuit Court Clerk assigned a new number, S0100037, to Mr. Bartlett's case.

Assistant District Attorney Charles Grubbs told Gail Corder that Mr. Bartlett could not appeal his conviction on the worthless check charges because he had voluntarily pleaded guilty to them. She accordingly amended the notice by applying white-out to the docket numbers of the worthless check charges. This act was the source of Mr. Bartlett's accusation that Ms. Corder was attempting to find "justice in a bottle of whiteout."

On September 4, 2001, the District Attorney moved the Circuit Court to dismiss all pending charges on case number S0100037, because the DA wanted to avoid a jury trial in Circuit Court. The charges were dismissed, and as a result, the Notice of Appeal appeared to have become moot.

At the urging of Mr. Self, the plaintiff's court appointed counsel, Mr. Bartlett filed a new Notice of Appeal on September 10, 2001, which only referenced the worthless check charges. The District Attorney filed a Motion to Dismiss the appeal on the ground of late-filing of the Notice. At the beginning of a hearing in Circuit Court on September 18, 2001 Mr. Self informed the court that a timely Notice of Appeal had in fact been filed on June 18. The D.A. then dropped his Motion to Dismiss, and the hearing went forward on the question of sentencing. Mr. Bartlett testified at length about the circumstances surrounding his use of the disputed checks. As we stated above the trial court affirmed sentences of eleven months and twenty-nine days for each charge, but ruled that they were to run concurrently rather than consecutively.

Mr. Bartlett argues in this appeal that the District Attorney actually dismissed all the charges against him on September 4, including his conviction for passing worthless checks, that Mr. Self coerced him into filing a Notice of Appeal to revive the void charges against him, and that the Judge, the District Attorneys, the Court Clerk and the defense attorney were all participants in a grand

conspiracy to reinstate his convictions, with the Clerk's unauthorized use of white-out on his Notice of Appeal serving as a tell-tale indication of their sinister design.

The defense argues to the contrary that the dismissal of the pending charges against Mr. Bartlett on September 4 had the purpose, and the effect, of voiding only the three charges that he had resisted in General Sessions. They observe that the worthless check charges could not have been voided since those charges were not "pending," but were unappealable final convictions as a result of his guilty plea. They also assert that Mr. Self had acted to preserve Mr. Bartlett's right to appeal his sentences, not as part of a conspiracy to violate his rights.

As we indicated above, we agree with the defendants' argument. The appellant admitted in his reply brief that the defendants had made a "misstake" in dealing with his appeal. He contends that "[t]he appellees all conspired to fix the misstake by finding 'justice in a bottle of whiteout' which is a judicial travesty." It appears to us, however, that while it is very important to avoid mistakes or ambiguities in judicial proceedings, the occurrence of such mistakes does not raise an inference of conspiracy without more specific evidence.

In the face of a Tenn. R. Civ. P. 12.02(6) Motion, the trial court is required to take all the plaintiff's well-pleaded, material factual allegations as true, construing the complaint liberally in his favor. *See Fletcher v. Bd. of Prof'l Responsibility,* 915 S.W.2d 448, 450 (Tenn. Ct. App. 1995); *Sullivant v. Americana Homes, Inc.,* 605 S.W.2d 246, 249 (Tenn. Ct. App. 1980). However, a bare claim of conspiracy is not the sort of material factual allegation that is entitled to a presumption of truth. Rather, it is a legal conclusion and must be supported by alleged facts which if proven true would be sufficient to support a finding of conspiracy.

We note that an actionable civil conspiracy has been defined as "a combination of two or more persons who, each having the intent and knowledge of the other's intent, accomplish by concert an unlawful purpose, or accomplish a lawful purpose by unlawful means, which results in damage to the plaintiff." *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 67 (Tenn. 2001). It appears to us that none of the facts alleged by the plaintiff indicate the intent, knowledge, or concerted action required to make out a claim for conspiracy. We also do not think that he has been damaged by the actions of the defendants, since they resulted in reductions in the total time he will have to serve. We therefore affirm that trial court's finding that the plaintiff failed to state a claim for which relief can be granted, and its dismissal of his complaint.

### III. IMMUNITY AND OTHER DEFENSES

Even if there had been sufficient specificity in Mr. Bartlett's allegations of conspiracy, he would still not have been entitled to relief on his claims because of various forms of immunity and other defenses that were designed to preserve the integrity of our judicial system.

For example, official misconduct and official oppression are defined as offenses under the criminal code. *See* Tenn. Code Ann. §§ 39-16-402, - 403. When they are proven, the offender is

subject to criminal penalties. Those offenses do not, however, give rise to a private right of action. *Buckner v. Carlton*, 623 S.W.2d 102, 105 (Tenn. Ct. App. 1981). Similarly, violations of the Code of Professional Responsibility subject the violator to disciplinary action, but do not create a private right of action in Tennessee. *Lazy Seven Coal Sales, Inc. v. Stone & Hinds,* 813 S.W.2d 400, 404-405 (Tenn. 1991).

Malicious prosecution is one wrong for which there is, in fact, a civil remedy. *See Kelley v. Tomlinson,* 46 S.W.3d 742 (Tenn. Ct. App. 2000). But one requirement that a plaintiff must establish before he is entitled to relief is that the prior action was terminated in his favor. *Roberts v. Fed. Express Corp.*, 842 S.W.2d 246, 247 (Tenn. 1992). Since Mr. Bartlett plead guilty to and was convicted of the crime for which he was prosecuted, the prior action was not terminated in his favor, and thus his claim for malicious prosecution was properly dismissed.

Judge Lee is entitled to absolute judicial immunity for any acts that were performed pursuant to his judicial role and in accordance with his jurisdiction. *See Heath v. Cornelius,* 511 S.W.2d 683 (Tenn. 1974). As our Supreme Court said in that case,

> The rule (of judicial immunity) was created not for the benefit of the individual judge, but for the benefit of the people; the doctrine protects the judiciary from vexatious lawsuits by dissatisfied litigants, thus avoiding a trend which would 'contribute not to principled and fearless decision making but to intimidation.'

511 S.W.2d at 685 (quoting *Pierson v. Ray,* 386 U.S. 547 (1967)).

For similar reasons, the three defendant district attorneys named by the appellant are entitled to prosecutorial immunity for their acts in prosecuting this criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 420 (1976); *Willett v. Ford,* 603 S.W.2d 143, 146 (Tenn. Ct. App. 1979).

> The common law immunity of a prosecutor is based upon the same considerations that underlie the common law immunities of judges and grand jurors acting within the scope of their duties. These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.

*Buckner*, 623 S.W.2d at 104-105 (quoting *Imbler*, 224 U.S. at 422-23.)

With regard to Ms. Corder, the court clerk, we note that the courts of Tennessee and of other states have extended the doctrine of judicial immunity to persons other than judges. *Miller v. Niblack*, 942 S.W.2d 533, 537 (Tenn. Ct. App. 1996). Courts have long recognized the "danger that disappointed litigants, blocked by the doctrine of absolute judicial immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts. . . . " *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989). Therefore, courts have held that where auxiliary

court personnel, such as court clerks, perform functions integral to the judicial process or act pursuant to a judge's or court's order, they are entitled to absolute quasi-judicial immunity. *See, e.g.*, *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992); *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988); *Smith v. Rosenbaum*, 460 F.2d 1019 (3d Cir. 1972); *Niblack*, 942 S.W.2d at 537; *Chapman v. Kelley*, No. M2001-00928-COA-R3-CV, 2002 WL 1974136 (Tenn. Ct. App. Aug. 28, 2002), (perm. app. denied Dec. 23, 2002).

Mr. Bartlett's grievance against Court Clerk Gail Corder is solely based upon the fact that she whited out the two case numbers on his Notice of Appeal. We need not determine whether that act was part of the clerk's functions that are integral to the judicial process, and, therefore, whether Ms. Corder is entitled to judicial immunity. That is because insofar as Mr. Bartlett may be claiming that the clerk's action amounted to participation in the conspiracy against him, the dismissal of the conspiracy claim forecloses any such claim against her. If he is claiming that she is guilty of official misconduct or of official oppression, that claim too is without merit, for as we stated above, there is no private right of action for such wrongs.

Finally, Mr. Bartlett's attorney, Mr. Self, does not enjoy the same immunities as state judicial officials, but the claim against him is equally without merit. Mr. Bartlett complains that Mr. Self advised him to file another Notice of Appeal on the worthless check charges, and that he did not take action when he heard the clerk's testimony that she had whited out the numbers of those charges on his first Notice of Appeal.

Mr. Bartlett's argument is obviously based on the theory that if Mr. Self had properly exploited the clerical error of the Court Clerk, the appellant could have avoided having to serve his sentence. This is a dubious theory at best, as the District Attorney's dismissal of the pending charges against him did not include his convictions for passing worthless checks. The fact that the docket numbers for those convictions had already been removed from the Notice of Appeal only reinforces the District Attorney's contention.

By encouraging him to file another Notice of Appeal, Mr. Self protected Mr. Bartlett's right to appeal his sentence, and the result was an amelioration of that sentence. It thus appears to us that Mr. Bartlett was not injured by Mr. Self's actions, and thus that the appellant failed to state a claim against his attorney for which relief could be granted.

## IV. CONCLUSION

The judgment of the trial court is affirmed. We remand this case to the Circuit Court of Lincoln County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, James Ray Bartlett.

PATRICIA J. COTTRELL, JUDGE

-6-