IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 1, 2024

**NEHAD S. ABDELNABI v. STEVEN WAYNE SWORD, JUDGE**

**Appeal from the Circuit Court for Knox County**
**No. 3-240-22 Deborah C. Stevens, Judge**

_____

**No. E2023-00557-COA-R3-CV**

_____

The trial court granted Appellee's motion to dismiss on the ground of judicial immunity. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT and KRISTI M. DAVIS, JJ., joined.

Nehad Sobhi Abdelnabi, Only, Tennessee, appellant, *pro se*.

Jonathan Skrmetti, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and Joseph P. Ahillen, Senior Assistant Attorney General, for the appellee, Steven Wayne Sword.

**OPINION**

**I. Background**

The relevant facts are not disputed. Appellant Nehad Sobhi Abdelnabi was convicted by a jury of one count of aggravated kidnapping, one count of especially aggravated kidnapping, and two counts of aggravated assault. *State v. Abdelnabi*, No. E2017-00237-CCA-R3-CD, 2018 WL 3148003, at *1 (Tenn. Crim. App. June 26, 2018), *perm. app. denied* (Tenn. Nov. 15, 2018). He was sentenced to incarceration for a total of 17 years at 100 percent release eligibility. *Id.* The Court of Criminal Appeals affirmed the conviction, and the Tennessee Supreme Court denied permission to appeal. *Id.* In January 2019, Mr. Abdelnabi, through counsel, filed a timely petition for post-conviction relief on a number of grounds, including ineffective assistance of counsel. *Abdelnabi v. State*, No.

E2020-01270-CCA-R3-PC, 2022 WL 500394, at *2 (Tenn. Crim. App. Feb. 18, 2022). However, the petition was neither verified under oath by Mr. Abdelnabi nor certified by counsel. *Id.* The State filed an answer in February 2019 but did not object to the lack of verification. *Id.* at *3. By agreement of the parties, the matter was continued to September 19, 2019. *Id.* On September 11, 2019, Mr. Abdelnabi filed a first-amended post-conviction petition that incorporated his original petition and added a claim of juror misconduct. *Id.* Like his original petition, Mr. Abdelnabi's first-amended petition was not verified under oath nor certified by counsel, and the State did not object to the lack of verification. *Id.* The matter was set for hearing on November 21, 2019. *Id.* On the morning of the November hearing, Mr. Abdelnabi filed a second-amended petition that was verified under oath. *Id.* The second-amended petition incorporated the two prior petitions and additionally alleged that "trial counsel was ineffective for failing to communicate a plea offer from the Assistant District Attorney General of ten years as a Range I Offender." *Id.* A verification under oath dated September 17, 2019 was attached to the second-amended petition. *Id.*

Following the November 21, 2019 hearing, the post-conviction court entered an order that, in relevant part, dismissed, as untimely, Mr. Abdelnabi's second-amended petition that included the allegation of ineffective assistance of counsel based on the failure to convey a plea offer. *Id.* at *9. Mr. Abdelnabi appealed and asserted, as relevant here, that good cause excused the delay in filing the second-amended petition. *Id.* Following a *de novo* review, the Court of Criminal Appeals affirmed denial of Mr. Abdelnabi's petitions for post-conviction relief. *Id.* at *18. In relevant part, the Court of Criminal Appeals held that the late-filed second amended petition was not excused by good cause under the Post-Conviction Procedure Act. *Id.* at *12. On August 3, 2022, the Tennessee Supreme Court denied Mr. Abdelnabi's application for permission to appeal.

On August 18, 2022, acting *pro se*, Mr. Abdelnabi filed a civil action pursuant to 42 U.S.C. § 1983 ("§ 1983") in the Circuit Court for Knox County ("trial court"). In his complaint, Mr. Abdelnabi alleged that the trial judge in the post-conviction proceeding, Appellee Steven Wayne Sword ("Judge Sword"), violated Mr. Abdelnabi's right to procedural due process by dismissing his second-amended post-conviction petition. He asserted that Judge Sword "exceeded his authority and denied [Mr. Abdelnabi] a meaningful opportunity to have his claim heard that counsel failed to communicate a plea offer from the prosecution for a ten-year sentence as a Range one offender[.]" Mr. Abdelnabi sought "injunctive relief vacating the order dismissing the 2nd amended petition and remanding" to the post-conviction court for further proceedings. He also asked the trial court to reinstate the State's offer regarding a plea agreement.

On October 7, 2022, Judge Sword filed a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss. In his motion, Judge Sword asserted that he acted within his jurisdiction as a criminal court judge and had absolute judicial immunity from Mr. Abdelnabi's claims. He further asserted that Mr. Abdelnabi was not awarded relief in his

post-conviction case and, accordingly, could not challenge the constitutionality of the proceedings. Judge Sword also asserted that Mr. Abdelnabi's claims were barred by the applicable one-year statute of limitations.

On November 17, 2022, Mr. Abdelnabi filed a response in opposition to Judge Sword's motion to dismiss. Therein, Mr. Abdelnabi asserted that he was not seeking monetary damages only declaratory and prospective injunctive relief; as such, he asserted that judicial immunity did not bar his action. He also argued that his constitutional claims were not barred because, although he had not been awarded post-conviction relief, he was seeking injunctive relief not damages. Mr. Abdelnabi further asserted that his action was not barred by the one-year statute of limitations because he sought only declaratory and prospective injunctive relief. In the alternative, he argued that the statute of limitations did not begin to run until August 2022, when the Tennessee Supreme Court denied his application for permission to appeal.

On December 9, 2022, Judge Sword filed an amended motion to dismiss, wherein he asserted that Mr. Abdelnabi's action was barred by the doctrine of sovereign immunity because it sought retroactive relief, *i.e.*, an injunction vacating the November 2019 order of dismissal, and did not address an ongoing constitutional violation. Judge Sword further asserted that Mr. Abdelnabi had no claim against him in his individual capacity, and judicial immunity barred claims against him in his official capacity. Judge Sword maintained that Mr. Abdelnabi's § 1983 claim for unconstitutional conviction was barred regardless of the relief sought because he was not awarded relief in the post-conviction proceedings. He argued that Mr. Abdelnabi essentially sought to overturn the Court of Criminal Appeals' ruling affirming dismissal of the second-amended petition.

On February 24, 2023, Mr. Abdelnabi filed a response in opposition to Judge Sword's amended motion to dismiss, wherein he reiterated the arguments made in his November 2022 response. Mr. Abdelnabi asserted that "Judge Sword[] cherry-picked which 'grievances' would be heard and denied a hearing on what is arguably [Mr. Abdelnabi's] strongest issue[.]" He argued that, under Tennessee Code Annotated section 1-3-121, his action for declaratory or injunctive relief was not barred by the doctrine of sovereign immunity. He further asserted that his claim for "prospective" injunctive relief was not barred by the doctrine of judicial immunity and argued that, "acting under color of law and in complete absence of jurisdiction," Judge Sword denied him a "meaningful hearing[.]" By order of March 31, 2023, the trial court held, as a matter of law, that Mr. Abdelnabi's complaint sought retrospective relief. The court dismissed the matter on the ground of absolute judicial immunity, and Mr. Abdelnabi filed a timely notice of appeal.

## II. Issue

The issue presented for our review, as we restate it, is whether the trial court erred in dismissing Mr. Abdelnabi's action as barred by the doctrine of judicial immunity.

## III. Standard of Review

It is well-settled that a motion to dismiss tests "'only the legal sufficiency of the compliant, not the strength of the plaintiff's proof or evidence.'" *Elvis Presley Enter., Inc. v. City of Memphis*, 620 S.W.3d 318, 323 (Tenn. 2021) (quoting *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011)). When considering a motion to dismiss, the trial court must determine whether the allegations of the complaint, if considered true, constitute a cause of action as a matter of law. *Id.* (citation omitted). The trial court "'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Id.* (quoting *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007) (quoting *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002))) (additional citations omitted). It should grant the motion "'only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'" *Id.* (quoting *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002)) (additional citations omitted). On appeal, we must also regard the allegations of the complaint as true. *Elvis Presley Enter.*, 620 S.W.3d at 323 (citation omitted). A trial court's decision to grant or deny a motion to dismiss is a matter of law that we review *de novo* with no presumption of correctness. *Robinson v. City of Clarksville*, 673 S.W.3d 556, 566 (Tenn. Ct. App. 2023).

## IV. Analysis

"[A] judge is immune from civil liability for bona fide acts done in the exercise of his [or her] judicial function while acting within the limits of his [or her] jurisdiction." *Harris v. Witt*, 552 S.W.2d 85, 85 (Tenn. 1977) (citing *Heath v. Cornelius*, 511 S.W.2d 683 (Tenn. 1974); *Webb v. Fisher*, 109 Tenn. 701, 72 S.W. 110 (Tenn. 1902)) (additional citation omitted). Judicial immunity is not impacted by the correctness of the judge's decisions or the "motive behind the acts." *Heath*, 511 S.W.2d at 684.

Contrary to Mr. Abdelnabi's assertions, Judge Sword clearly acted within his jurisdiction when he dismissed Mr. Abdelnabi's second-amended post-conviction petition as untimely, and his ruling was upheld on appeal. In his § 1983 action, Mr. Abdelnabi sought "an injunction" against dismissal of his second-amended petition on the ground that the ruling denied him procedural due process. Mr. Abdelnabi relies on *Pullian v. Allen*, 466 U.S. 522 (1984) for the proposition that his action is not barred by the doctrine of judicial immunity because it is not one for damages but for "prospective" injunctive relief.[1]

---

[1] With respect to a § 1983 claim for monetary damages, this Court has held:

In **Pullian**, the petitioners brought a § 1983 action against a Virginia magistrate and argued that the magistrate's "practice of imposing bail on persons arrested for nonjailable offenses under Virginia law and of incarcerating those persons if they could not meet the bail was unconstitutional." **Pullian**, 466 U.S. at 524-25. The federal district court agreed with petitioners and enjoined the practice. **Id.** at 525. The district court also granted the petitioners' requests for attorney's fees and costs. **Id.** at 526-27. The magistrate appealed and argued that, as a judicial officer, she was immune from an award of attorney's fees. **Id.** at 527. The United States Court of Appeals for the Fourth Circuit determined that "a judicial officer is not immune from an award of attorney's fees in an action in which prospective relief properly is awarded against her." **Id.** On appeal, the United States Supreme Court first addressed "the more fundamental question, that is, whether a judicial officer acting in her judicial capacity should be immune from prospective injunctive relief." **Id.** at 528. The **Pullian** Court determined that ". . . Congress intended § 1983 to be an independent protection for federal rights[.]" **Id.** at 541. The Court "[found] nothing to suggest that Congress intended to expand the common-law doctrine of judicial immunity to insulate state judges completely from federal collateral review." **Id.** The Court "conclude[d] that judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in [his or] her judicial capacity[]" in a § 1983 action. **Id.** at 541-42. The Court observed that

> [t]he limitations already imposed by the requirements for obtaining equitable relief against any defendant—a showing of an inadequate remedy at law and of a serious risk of irreparable harm—severely curtail the risk that judges will be harassed and their independence compromised by the threat of having to defend themselves against suits by disgruntled litigants.

**Id.** at 537-38. Courts addressing **Pullian** have emphasized that, although the doctrine of judicial immunity does not bar an action for declaratory relief that is "*purely* prospective," the "courts have consistently prohibited plaintiffs from seeking declarations that [a judge's] '*prior* conduct violated federal law[.]'" **Kelsey v. Clark**, No. 22-22, 2023 WL 1980307, at *1 (2d Cir. Feb. 14, 2023) (emphasis in original) (quoting **Green v. Mansour**, 474 U.S. 64, 65, 73 (1985)).

---

Judges sued under 42 U.S.C. § 1983 have absolute immunity for acts within the judicial role. **Pierson v. Ray**, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). If the Court has jurisdiction and the judge is discharging his legal duties, the doctrine of judicial immunity applies. **See Kurz v. State of Michigan**, 548 F.2d 172, 174 (6th Cir.1977), *cert. denied,* 434 U.S. 972, 98 S.Ct. 526, 54 L.Ed.2d 462, *reh'g denied* 434 U.S. 1089, 98 S.Ct. 1289, 55 L.Ed.2d 796 (1978). **See also Lopez v. Vanderwater**, 620 F.2d 1229, 1233 (7th Cir.1980), *cert. dismissed,* 449 U.S. 1028, 101 S.Ct. 601, 66 L.Ed.2d 491 (1980); **Birch v. Mazander**, 678 F.2d 754, 755 (8th Cir.1982); **Scott v. Hayes**, 719 F.2d 1562 (11th Cir.1983).

**Cashion v. State**, No. 01A01-9903-BC-00174, 1999 WL 722634, at *4 (Tenn. Ct. App. Sept. 17, 1999).

As the trial court noted, "prospective" describes something that may happen in the future. *See State v. Thomas*, No. W2019-01202-SC-R11-CD, –S.W.3d –, 2024 WL 979852, at *13 (Tenn. 2024) (abrogating the accomplice-corroboration rule prospectively "to all trials commencing after the date of the mandate[]" and not "retroactively to change the holding in this case and other pending cases that have not yet reached final judgment."); *see State v. Bishop*, 431 S.W.3d 22, 43 n.9 (Tenn. 2014) (citing *Rhodes v. Lauderdale Cnty., Tenn.*, 2012 WL 4434722 (W.D. Tenn. Sept. 24, 2012) (§ 1983 action awarding plaintiffs monetary damages and granting injunctive relief prohibiting future "48-hour holds" in jail without probable cause and requiring sheriff to maintain records of all persons admitted to county jail)); *see further Nelson v. Martin*, 958 S.W.2d 643, 646 (Tenn. 1997) (quoting John Danforth, *Tortious Interference with Contract: A Reassertion of Society's Interest in Commercial Stability and Contractual Integrity,* 81 Colum. L. Rev. 1491, 1523 (1981) (defining a prospective contract as a "relationship[] expected to mature into [a] contract[]" in the future and holding claim for interference with prospective economic advantage not recognized in Tennessee)), *overruled by Trau-Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691 (Tenn. 2002).

Unlike the petitioners in *Pullian*, Mr. Abdelnabi does not seek to enjoin Judge Sword from any future*, i.e.,* "prospective," act or practice. Additionally, he neither challenges the constitutionality of the statutory post-conviction procedures nor prays for an injunction against future application of those procedures. Rather, he asks this Court to vacate—or "enjoin" enforcement of—Judge Sword's order dismissing his untimely second-amended petition on the basis that dismissal violated his right to due process.

Section 1983 "'provides 'a method for vindicating . . . rights elsewhere conferred.'" *Robinson v. City of Clarksville*, 673 S.W.3d 556, 575 (Tenn. Ct. App. 2023), *perm. app. denied* (Tenn. May 10, 2023) (quoting *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979))). In the post-conviction setting, "[d]ue process requires only that a petitioner be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Reid v. State*, 197 S.W.3d 694, 702 (Tenn. 2006). Furthermore, "the post-conviction court must determine whether the petition has been timely filed and whether any claims for relief have been waived or previously determined." *Nichols v. State*, No. E2018-00626-CCA-R3-PD, 2019 WL 5079357, at *10 (Tenn. Crim. App. Oct. 10, 2019) (citing Tenn. Code Ann. § 40-30-106(b), (f)). As noted above, Judge Sword clearly acted within his jurisdiction when he determined that Mr. Abdelnabi's second-amended petition was untimely filed without good cause. Further, although couched as a § 1983 claim, Mr. Abdelnabi essentially argues that Judge Sword erred in finding that the untimely filing was not excused by good cause. That issue was addressed by the Court of Criminal Appeals, and the Tennessee Supreme Court denied further review. Accordingly, this Court has no jurisdiction to review the issue further. On *de novo* review, we agree with the trial court that Mr. Abdelnabi's claim was not one for prospective injunctive relief as contemplated in *Pullian*. Judge Sword acted within his jurisdiction and

provided Mr. Abdelnabi post-conviction due process. Accordingly, the doctrine of judicial immunity bars Mr. Abdelnabi's action.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order dismissing Mr. Abdelnabi's § 1983 action. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Nehad Sobhi Abdelnabi, for which execution may issue if necessary.


s/ Kenny Armstrong_____
KENNY ARMSTRONG, JUDGE