Eugene HARRIS, Appellant,

v.

James C. WITT, Appellee.

Supreme Court of Tennessee.

June 6, 1977.

Eugene Harris, pro se.

J. Curwood Witt, Madisonville, for appellee.

COOPER, Chief Justice.

## OPINION

This is an appeal from an order entered in the Circuit Court of McMinn County dismissing the complaint filed on April 3, 1976, by Eugene Harris, now confined in the state penitentiary at Petros, Tennessee, against Judge James C. Witt.

In the complaint Mr. Harris sought damages allegedly resulting from the dismissal on March 15, 1975, of a post conviction petition by Judge Witt. Mr. Harris alleged that the post conviction petition contained sufficient grounds for relief, and that Judge Witt was in error in dismissing the petition on the ground appellant was serving "a sentence previously imposed upon him in another jurisdiction." Appellant alleged that, as the result of the wrongful dismissal of the post conviction petition, he had been confined an "additional time" and was entitled to damages.

On motion of counsel for Judge Witt, the trial judge dismissed the complaint for failure to state a cause of action, and for the further reason that the action, if stated was barred by the statute of limitation and also by the doctrine of judicial immunity. We affirm his action.

■ If, in fact, Judge Witt committed error in dismissing the petition for post conviction relief, appellant's relief was by way of an appeal from the ruling, not by an action for damages against Judge Witt. It is generally recognized that a judge is immune from civil liability for bona fide acts done in the exercise of his judicial function while acting within the limits of his jurisdiction. *Heath v. Cornelius*, 511 S.W.2d 683 (Tenn.1974); *Webb v. Fisher*, 109 Tenn. 701, 72 S.W. 110 (1902); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); 48 C.J.S. Judges § 63.

As pointed out in *Heath v. Cornelius, supra* at page 684,

"The rule (of judicial immunity) was created not for the benefit of the individual judge, but for the benefit of the people; the doctrine protects the judiciary from vexatious lawsuits by dissatisfied litigants, thus avoiding a trend which would 'contribute not to principled and fearless decision making but to intimidation.' "

■ Further, the action brought by Mr. Harris was for an injury to the person. The limitation on the bringing of such an action is one year. T.C.A. § 28–304. The petition shows on its face that the petition for post conviction relief was dismissed more than one year before the action for damages was filed.

Judgment is affirmed. Costs are adjudged against the appellant, Eugene Harris.

FONES, HENRY, BROCK and HARBISON, JJ., concur.