**Johnny Ray GRAHAM,**
**Plaintiff/Appellant,**

**v.**

**Gary W. DODSON, Defendant/Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Sept. 27, 1991.

Application for Permission to Appeal
Denied by Supreme Court
April 27, 1992.

Johnny Ray Graham, pro se.

Howard L. Upchurch, Upchurch & Upchurch, Pikeville, for defendant-appellee.

## OPINION

HENRY F. TODD, Presiding Judge.

The plaintiff, Johnny Ray Graham, has appealed from the judgment of the Trial Court dismissing his complaint for failure to state a claim for which relief can be granted.

The burden of the complaint, filed on November 26, 1990, appears to be that, on November 15, 1990, the defendant, a general sessions judge, rendered an erroneous decision in respect to custody of plaintiff's minor children and visitation with them.

The prayer of the complaint is as follows:

Wherefore, plaintiff prays that the Greater Court of General Sessions of Van Buren County, Spencer, Tennessee 38585, be prohibited and restrained from proceeding further in said cause; and for all other and proper relief.

Defendant moved to dismiss for failure to state a claim for which relief can be granted.

The Trial Court sustained the motion and dismissed the suit.

Plaintiff has filed in this Court a brief which attacks the correctness of the decision of the General Sessions Court, but does not address the determinative issue in this appeal, to wit: whether the complaint states a claim for which relief can be granted.

The complaint does not challenge the jurisdiction of the Greater General Sessions Court of Van Buren County to hear and determine domestic relations cases involving child custody and visitation. Sec. 4, Chapter 505 Public Acts of the 1972 General Assembly specifically confers such jurisdiction.

The complaint states no reason why relief could not and should not be sought under the provisions of T.R.A.P.

 The general rule is that a civil action will not lie against a judge for his judicial acts committed within the jurisdiction of the court over which he presides. *Harris v. Witt,* (Tenn.1977), 552 S.W.2d 85; *Heath v. Cornelius,* (Tenn.1974), 511 S.W.2d 683; *Webb v. Fisher,* 109 Tenn. 701, 72 S.W. 110, 60 L.R.A. 791; 97 Am.St.Rep. 863 (1903); *Hoggatt v. Bigley,* 25 Tenn. (6 Humph.) 236, (1845); *Vaughn v. Strother,* 3 Tenn. CCA (Higgins) 718 (1913).

 The law provides a means of seeking relief from official acts of judges. Those who seek such relief are obliged to do so in the manner provided by law.

 This action seeks relief through means not provided by law. It therefore states a claim for which relief cannot be granted. See T.R.C.P.—12.02(6).

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the plaintiff. The cause is remanded for collection of costs in the Trial Court.

Affirmed and remanded.

LEWIS and CANTRELL, JJ., concur.