# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
_____

| | | |
|---|---|---|
| JOHN WAYNE SLATE, SR., et al., | ) | C.A. No. M1998-00434-COA-R3-CV |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | Davidson Circuit No. 98C1717 |
| | ) | |
| vs. | ) | The Hon. Hamilton V. Gayden, Jr. |
| | ) | Judge |
| STATE OF TENNESSEE, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | **AFFIRMED** |

John Wayne Slate, Sr., *Pro Se* for Appellant

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Martha A. Tarleton, Senior Counsel Civil Rights and Claims Division for State of Tennessee, Chancellor Kilcrease; Judges Todd, Cantrell and Koch; Cecil Crowson, Jr.

John L. Kennedy; Amber St. John of Nashville, for Appellee, Bonnyman

## MEMORANDUM OPINION[1]

INMAN, Senior Judge

This matter is appropriate for consideration pursuant to Rule 10(b) of the Rules of the Court of Appeals of Tennessee.

A prisoner alleges a violation of his civil rights as a result of the assessment and collection of court costs from him. He initiated the case at bar by filing a complaint in the Davidson County Circuit Court, alleging that both the Davidson County Chancery Court and the Tennessee Court of Appeals erred in taxing costs against him upon disposition of earlier cases heard by both courts. The Davidson County Circuit Court dismissed the cause, and the appellant perfected an appeal to this Court. For the reasons stated herein, we affirm the decision of the trial court.

Plaintiff, John Wayne Slate ("Slate") is an inmate in the custody of the Tennessee Department of Correction. In a prior and unrelated case, *Slate v. State of Tenn. Parole Bd.*, No. 01A01-9710-CH-00540 (Tenn. App. Dec. 17, 1997), the Middle Section of this Court dismissed Slate's appeal for his failure to file a brief as required by Rule 29 T.R.A.P. The order of dismissal entered by Judges Todd, Cantrell and Koch taxed the costs of the appeal to the appellant Slate. The State of Tennessee, through the Appellate Court Clerk, thereupon undertook efforts to collect the costs.

On June 24, 1998, Slate filed the present action in the Davidson County Circuit Court on behalf of himself and his three children, Shane Wayne Slate, Roy Slate and John Slate, Jr. Named as defendants were the State of Tennessee, Chancellor Irvin Kilcrease, Jr.; Judge Henry F. Todd; Judge Ben H. Cantrell; Judge William C. Koch, Jr.; Clerk and Master Claudia Bonnyman; and Appellate Court Clerk Cecil Crowson, Jr. Slate alleged that the defendants had violated his civil rights under 42 U.S.C. § 1983 as a result of their efforts to collect court costs from him. Exhibited to his complaint were Inmate Trust Fund Transaction Statements which showed deductions from Slate's inmate trust fund account between February

12, 1998 and June 15, 1998. He attached to the complaint a copy of the Bill of Costs issued to him by the Clerk and Master on June 12, 1998, in regard to Davidson County Chancery Court Cause No. 96-1921-I for $122.00, together with two writs of execution issued by the Appellate Court Clerk in the amounts of $608.50 and $181.75 and four Statements for Appellate Court Costs issued by this Court in regard to Cause Nos. 01A01-9710-CH-00540, 01A01-9704-CH-00155, 03A01-9711-CH-00541, and 03A01-9708-CV-00369. Examination of the various docket numbers indicates that the appellant claims to be aggrieved by the courts' efforts to collect costs in a number of separate cases.

On August 27, 1998, the Attorney General filed a motion to dismiss on behalf of the State of Tennessee, Chancellor Kilcrease, Judge Todd, Judge Cantrell, Judge Koch and Appellate Clerk Crowson. By order entered October 30, 1998, the Davidson County Circuit Court dismissed Slate's claims against the aforementioned defendants. Slate filed a notice of appeal on November 9, 1998. On March 2, 1999, Claudia Bonnyman filed a motion to dismiss the remainder of the complaint. Slate did not respond. The trial court entered an order on June 14, 1999, dismissing the remainder of Slate's claims.

Under Rule 4(d) T.R.A.P., a prematurely filed notice of appeal is considered effective upon entry of the final judgment in the trial court. Therefore, the notice of appeal filed by Slate on November 9, 1998, was effective on June 14, 1999, the date the trial court entered the final order in this cause.

The cause is properly before this Court for adjudication. Under Rule 13(d) T.R.A.P., our review is *de novo* upon the record, with no presumption of the correctness of the trial court's ruling.

The doctrine of judicial immunity affords judges, acting within their judicial capacities, absolute immunity from civil liability. The United States Supreme Court has recognized that this doctrine extends to suits brought against judges for constitutional violations. In *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218 (1967), the United States Supreme Court held that judges sued under 42 U.S.C. § 1983 have absolute immunity for acts committed within their judicial capacities. The Court stated:

> It is a judge's duty to decide all cases within his discretion that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

> We do not believe that this settled principle of law was abolished by § 1983...The legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities. *Id.* at 554.

The immunity rule applies equally to judges in both the federal and state courts. In *Harris v. Witt*, 552 S.W.2d 85 (Tenn. 1977), the Tennessee Supreme Court stated:

> It is generally recognized that a judge is immune from civil liability for bona fide acts done within the exercise of his <u>judicial</u> function while acting within the limits of his jurisdiction.
> *Id.* at 85. (Emphasis Added).

That same conclusion has been reached by this Court in *Graham v. Dodson*, 830 S.W.2d 70, 71 (Tenn. Ct. App. 1992). See also, *Heath v. Cornelius*, 511 S.W.2d 683 (Tenn. 1974).

It must, therefore, be determined whether the judge was acting within a "

judicial" capacity. In **Stump v. Sparkman**, 435 U.S. 349, 98 S.Ct. 1099, *reh'g denied* 436 U.S. 951, 98 S.Ct. 2862 (1978), the Supreme Court defined "judicial" as follows:

> The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally preformed by a judge, and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.
> 435 U.S. at 362, 98 S.Ct. at 1107.

In the case at bar, Slate's complaint against Chancellor Kilcrease, Judge Cantrell, Judge Koch and Judge Todd is essentially that the aforementioned judges, acting within their judicial capacities, dismissed his case and taxed court costs to him. This is precisely the type of conduct that the doctrine of judicial immunity is designed to preclude. Based upon the foregoing, we affirm the trial court's determination that the Chancellor and Court of Appeals Judges are immune from civil liability for their action.

Likewise, we find that Clerk and Master Bonnyman and Appellate Clerk Crowson are also immune from civil liability for their acts in collecting court costs from Slate. The doctrine of judicial immunity has been extended in Tennessee and other jurisdictions to persons other than judges. **Miller v. Niblack**, 942 S.W.2d 533, 537 (Tenn. Ct. App. 1996).

Courts have long recognized the "danger that disappointed litigants, blocked by the doctrine of absolute judicial immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts..." **Scruggs v. Moellering**, 870 F.2d 376, 377 (7th Cir.), *cert. denied*, 493 U.S.956, 110 S.Ct. 371 (1989). Therefore, courts have held that where auxiliary court personnel, such as

court clerks, perform functions integral to the judicial process or act pursuant to a judge's or court's order, they are entitled to absolute quasi-judicial immunity for claims under 42 U.S.C. § 1983. ***Kincaid v. Vail***, 969 F.2d 594, 601 (7th Cir. 1992); ***Rogers v. Bruntrager***, 841 F.2d 853, 856 (8th Cir. 1988)(clerks enjoy absolute immunity for acts they are required to do at a judge's discretion); ***Smith v. Rosenbaum***, 460 F.2d 1019 (3rd Cir. 1972).

The claims against Bonnyman arose out of her actions to enforce the Chancery Court's order regarding the taxing of costs against Slate in Davidson County Chancery Cause No. 96-1921-I. Similarly, the claims against Crowson arose out of his efforts to collect costs taxed against Slate in various orders entered by the Court of Appeals. We find that under the authorities cited above, Bonnyman and Crowson were performing acts integral to the judicial process and pursuant to orders entered by the Chancery Court and Court of Appeals, respectively. We find that Bonnyman and Crowson are entitled to absolute quasi-judicial immunity from civil liability. The trial court was correct in dismissing the claims against both Bonnyman and Crowson.

Slate also named the State of Tennessee as a defendant in this cause. The State of Tennessee enjoys sovereign immunity, and suits against it may only be brought in such manner and in such courts as the Legislature may direct. Tenn. Const. art. I, § 17. T.C.A. § 20-13-102(a) provides:

> (a) No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state.

In addition to suing the State of Tennessee, Slate sued defendants Kilcrease, Todd, Cantrell, Koch, Crowson and Bonnyman in their official capacities. Chancellor Kilcrease and Judges Todd, Cantrell and Koch are state officers by operation of T.C.A. § 16-11-101 et seq. and T.C.A. § 16-4-101 et seq., respectively. Likewise, Appellate Court Clerk Crowson is also a state officer by operation of T.C.A. § 16-4-106, as is Clerk and Master Bonnyman, by operation of T.C.A. 18-5-101 et seq. In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), the United States Supreme Court stated:

> Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Brandon v. Holt*, 469 U.S. 464, 471, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985). As such, it is no different from a suit against the state itself.
> 491 U.S. at 71, 109 S.Ct. at 2312.

For the foregoing reasons, the trial court also properly dismissed Slate's claims against the State of Tennessee and the individual defendants in their official capacities. Accordingly, the order of the trial court is affirmed. Costs of the appeal are assessed to the appellant.

All of the Judges of the Court of Appeals having recused themselves from a consideration of this case, the Chief Justice of the Supreme Court of Tennessee, pursuant to his statutory authority, designated the undersigned Senior Judges of Tennessee to hear this case.

_____
John K. Byers, Senior Judge

_____
William H. Inman, Senior Judge


_____
James L. Weatherford, Senior Judge