IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS JUNE 30, 2005

## GREGORY EIDSON v. LEE MOORE, JR.

**Direct Appeal from the Circuit Court for Lake County**
**No. 04-8624      James L. Weatherford, Senior Judge, By Designation**

_____

**No. W2005-00495-COA-R3-CV - Filed October 25, 2005**

_____

After the trial court denied an inmate's petition for a writ of habeas corpus, the inmate filed a suit against the trial judge seeking injunctive relief and damages pursuant to section 29-21-108 of the Tennessee Code. The trial court dismissed the inmate's complaint for numerous reasons, including the judicial immunity of the trial judge. We affirm the trial court's dismissal of the complaint.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Gregory Eidson, Portland, TN,  *pro se*

Paul G. Summers, Attorney General and Reporter, P. Robin Dixon, Jr., Assistant Attorney General, Nashville, TN, for Appellee

# MEMORANDUM OPINION[1]

Gregory Eidson ("Mr. Eidson" or "Appellant") has filed a *pro se* appeal to this Court asking us to address numerous issues related to the dismissal of his complaint against Judge Lee Moore, Jr. ("Judge Moore" or "Appellee") of the Lake County Circuit Court. On appeal, Mr. Eidson filed a limited technical record containing only the pleadings filed in the instant case. Many of the facts set forth in Mr. Eidson's brief cannot be found in the record before this Court.[2]

While an inmate in the custody of the Tennessee Department of Correction, Mr. Eidson filed a petition for a writ of habeas corpus in the trial court, which Judge Moore presided over. Judge Moore denied Mr. Eidson's petition, and Mr. Eidson appealed the denial of his petition to the Tennessee Court of Criminal Appeals. We resort to the following recitation of facts found in the decision of the Tennessee Court of Criminal Appeals:

> The Petitioner pled guilty to fourth offense DUI (Count 2) committed on January 6, 2001, and to four counts of violating the Habitual Traffic Offender ("HTO") law, committed on: January 6, 2001 (Count 1); February 12, 2001 (Count 5); June 12, 2001 (Count 8); and July 15, 2001 (Count 9). The trial court sentenced the Petitioner to two years in prison for Count 1 and to eleven months and twenty-nine days for Count 2, and it ordered that those two sentences run concurrently. For the remaining three HTO convictions, Count 5, Count 8, and Count 9, the trial court ordered the Petitioner to serve two years in prison for each count, and it ordered that the sentences run concurrently with each other. It then ordered that the sentences in Count 1 and Count 2 run consecutively to the sentence for Count 5, Count 8, and Count 9. Thus, the Petitioner's effective sentence was four years, to serve in the Tennessee Department of Corrections.
> The Petitioner was originally declared a habitual traffic offender on July 14, 1997. He filed a habeas corpus petition

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in an unrelated case.

[2] The Statement of the Facts set forth in the Brief of Appellant contains no citations to the record filed with this Court. "[R]eference in the briefs to the record shall be to the pages of the record involved." Tenn. R. App. P. 27(g) (2005).

challenging that judgment of conviction, which the habeas corpus court dismissed. On appeal, this Court affirmed that dismissal. *Eidson v. State*, 2005 Tenn. Crim. App. LEXIS 94, No. M2004-02528-CCA-R3-HC, 2005 WL 292444, at * 1 (Tenn. Crim. App., at Nashville, Feb. 1, 2005), *perm. app. denied* (Tenn. Mar. 28, 2005). The Petitioner filed a petition for habeas corpus relief from the five judgments of conviction in this case alleging: (1) that the trial court lacked jurisdiction to enter the judgment in this case because the statute of limitations had run on the DUI offense; (2) that the prior DUI offense from September 14, 1995, is void because it was entered by a probate court, which lacks jurisdiction in criminal cases; and (3) that the trial court lacked jurisdiction to order that three of the sentences for the HTO convictions run concurrently because they were committed while the Petitioner was released on three different bonds. The habeas corpus court dismissed the Petitioner's petition, finding that he is not being held illegally, and the judgments in this case were entered by a court of competent jurisdiction. Further, the court found that the Petitioner received legal sentences within the appropriate range, and his sentences had not expired. It is from this order that the Petitioner now appeals.

*Eidson v. State*, No. M2005-00150-CCA-R3-HC, 2005 Tenn. Crim. App. LEXIS 579, at *2–3 (Tenn. Crim. App. June 8, 2005). The Tennessee Court of Criminal Appeals found all of Mr. Eidson's arguments to be without merit except for his arguments addressing the propriety of the trial court's method for calculating his sentence. *Id*. at *10–12. The court remanded the case to the trial court "for the appointment of counsel and an evidentiary hearing to determine whether the Petitioner was on bail when he committed the offenses in Count 5, Count 8, and Count 9, and for a determination of whether the sentences for those convictions must run consecutively to each other, making the sentences he received void." *Id*. at *13.

On September 1, 2004, prior to appealing the denial of his habeas corpus petition to the Tennessee Court of Criminal Appeals, Mr. Eidson filed a complaint against Judge Moore in the Circuit Court of Lake County seeking injunctive relief and monetary damages. In his complaint, Mr. Eidson alleged, among other things, that Judge Moore violated the following statute when he refused to grant Mr. Eidson's petition for a writ of habeas corpus:

> (a) It is the duty of the court or judge to act upon such applications instanter.
> (b) A *wrongful and willful* refusal to grant the writ, when properly applied for, is a misdemeanor in office, besides subjecting the judge to damages at the suit of the party aggrieved.

Tenn. Code Ann. § 29-21-108 (2003) (emphasis added). In response to the complaint, Judge Moore entered an order removing himself from the case. The Chief Justice of the Tennessee Supreme Court subsequently designated Judge James Weatherford to preside over Mr. Eidson's case by interchange.

On October 4, 2004, Judge Moore filed a "Motion to Dismiss," pursuant to Rule 12.02(1) and (6) of the Tennessee Rules of Civil Procedure, asserting (1) that he is protected by judicial immunity, (2) that Mr. Eidson's complaint was barred by the doctrines of collateral estoppel and collateral attack, (3) and that Mr. Eidson's complaint failed to state a claim upon which relief may be granted. On January 28, 2005, the circuit court entered an order dismissing Mr. Eidson's complaint against Judge Moore for failure to state a claim because of the following: (1) the court did not wrongfully deny Mr. Eidson's petition for a writ of habeas corpus, (2) Judge Moore possesses judicial immunity, and (3) Mr. Eidson's claims were barred by the doctrines of collateral estoppel and collateral attack.

We agree with the lower court in that many of Mr. Eidson's arguments on appeal amount to an attempt to collaterally attack the denial of his habeas corpus petition. The trial court's refusal to grant Mr. Eidson's petition is the legitimate subject of the appeal which he has already taken to the Tennessee Court of Criminal Appeals. In the instant appeal, we are only concerned with whether the trial court erred when it granted Judge Moore's motion to dismiss Mr. Eidson's civil complaint.

We are mindful that the Tennessee Court of Criminal Appeals recently has decided that the trial court erred in denying Mr. Eidson's habeas corpus petition — in so far as his claims regarding the calculation of his sentence — and remanded the case to the trial court for further proceedings. *See Eidson*, 2005 Tenn. Crim. App. LEXIS 579, at *13. However, nothing in the limited record before this Court suggests that Judge Moore acted wrongfully and willfully when denying Mr. Eidson's habeas corpus petition. *See* Tenn. Code Ann. §29-21-108(b) (2003). "The general rule is that a civil action will not lie against a judge for his judicial acts committed within the jurisdiction of the court over which he presides." *Graham v. Dodson*, 830 S.W.2d 70, 71 (Tenn. Ct. App. 1991) (citations omitted); *see also Harris v. Witt*, 552 S.W.2d 85, 85 (Tenn. 1977) ("It is generally recognized that a judge is immune from civil liability for bona fide acts done in the exercise of his judicial function while acting within the limits of his jurisdiction."); *Heath v. Cornelius*, 511 S.W.2d 683, 684 (Tenn. 1974) ("The rule is that a civil action for damages will not lie against a judge of a court of general jurisdiction for his judicial acts if such acts were committed within the jurisdiction of his court. If done within his jurisdiction neither the correctness of nor motive behind the acts affects the immunity."). The policy for such a rule has been stated as follows:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

-4-

*Pierson v. Ray*, 386 U.S. 547, 554 (1967). Accordingly, we hold that Judge Moore has judicial immunity from the lawsuit filed by Mr. Eidson in this case, and we affirm the trial court's dismissal of Mr. Eidson's complaint.

Costs of this appeal are to be taxed to the Appellant, Gregory Eidson, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE