# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 3, 2012

## CLIFFORD LEON HOUSTON v. JAMES B. SCOTT ET AL.

**Appeal from the Circuit Court for Roane County**
**No. 14422      Walter C. Kurtz, Senior Judge**

---

**No. E2010-01660-COA-R3-CV-FILED-JANUARY 17, 2012**

---

The plaintiff filed this civil action in the shadow of a criminal case brought against him, which resulted in an acquittal. The defendants named in this civil action include two trial judges who presided over different aspects of the criminal case, the Circuit Court Clerk and two deputy court clerks of Roane County, Tennessee, and the State of Tennessee. All of the defendants filed motions to dismiss the civil action or motions for summary judgment on various grounds including judicial immunity, sovereign immunity, and that all of the alleged acts or omissions were performed under the color of law or in the performance of their official duties. The trial judge dismissed the civil action against the judges based upon judicial immunity, dismissed the action against the State upon sovereign immunity, and summarily dismissed the action against the clerks upon the unrefuted fact that the clerks properly fulfilled their official duties and because the complaint failed to explain how the plaintiff was damaged by the clerks' actions. The trial court also dismissed Roane County, which was named as a defendant, because no specific allegations were made against the county independent of the claims against the clerks. We affirm the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., ANDY D. BENNETT, J., and RICHARD H. DINKINS, J.

Clifford Leon Houston, Ten Mile, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and Heather C. Ross, Senior Counsel, for the appellees, State of Tennessee, Judge James B. Scott and Judge David G. Hayes.

Frank Q. Vettori, Knoxville, Tennessee, for the appellees, Angela Randolph, Stacy Croley, Jean Hamilton, and Roane County, Tennessee.

# OPINION

This action, which commenced on August 7, 2009, arises from the criminal prosecution of the plaintiff, Clifford Leon Houston, for murder and other related charges, of which he was acquitted of all charges in the matter of *State of Tennessee v. Rocky Joe Houston and Clifford Leon Houston*, Nos. 13702A & 13702B, Roane County Criminal Court. The plaintiff named several defendants in this civil action, including Judge James B. Scott, who presided over the criminal case prior to his recusal;[1] Judge David G. Hayes, who was designated by the Supreme Court to succeeded Judge Scott and who presided over the criminal trial; the State of Tennessee; the Circuit Court Clerk of Roane County, Angela Randolph; and two deputy court clerks, Stacy Croley and Jean Hamilton. Roane County, Tennessee, was also named as a defendant, although no specific allegations were made against Roane County in the Complaint.

In this action the plaintiff alleges, *inter alia*, that the defendants violated his civil rights pursuant to the Civil Rights Act, 42 USC § 1983, and that their actions constituted violations of Tennessee Code Annotated § 29-20-101, *et seq.*, the Tennessee Governmental Liability Act. In part, the plaintiff alleges that his rights were violated because the clerks allegedly failed to subpoena numerous witnesses including Governor Phil Bredesen, Chief Judge Curtis Collier of the Eastern District Federal Court of Tennessee, Judge Janus Scott, United States Attorney General Eric Holder, United States Post Master General John Potter, Judge Eugene Eblen, Judge Russell Simmons, and Kenneth Irvine, District Attorney pro tem.

Acting on behalf of the State of Tennessee and Judges Scott and Hayes, the Office of the Tennessee Attorney General filed a motion pursuant to Tennessee Rule of Civil Procedure 12.02 to dismiss the complaint against the judges for failure to state a claim upon which relief can be granted, asserting specifically the doctrine of sovereign immunity on behalf of the State, and judicial immunity on behalf of the two judges. Shortly thereafter, defendants Randolph, Croley, Hamilton and Roane County filed a joint motion to dismiss pursuant to Rule 12.02 and for summary judgment pursuant to Tennessee Rule of Civil Procedure 54 asserting there was no genuine issue of material fact and they were entitled to summary dismissal as a matter of law.

The plaintiff filed a response to the motions to dismiss asserting they should be denied for seven reasons: (1) all defendants did intentionally, knowingly, and maliciously violate the plaintiff's civil rights, (2) all defendants are legally responsible and liable for the plaintiff's

---

[1] Judge Scott withdrew, sua sponte, from the criminal case by order entered February 18, 2009. By order entered on February 18, 2009, the Chief Justice of the Supreme Court designated Judge David Hayes to preside over the criminal case.

injuries, (3) all defendants acted in clear absence of all jurisdiction, (4) all defendants conducted a fraud on the court and against the plaintiff, (5) judicial immunity does not apply, (6) that Judge Hayes did not have an oath of office, and (7) the doctrine of judicial immunity does not bar claims for money damages against the defendants.

Following the filing of the defendants' respective motions and the plaintiff's objection thereto, the motions came on to be heard. Following the hearing, the trial court issued the following order, which we recite in full because it clearly and concisely sets forth the plaintiff's claims, the relevant facts and issues, and the trial court's reasoning and ruling:

## **ORDER**

Before the Court are two motions:

1. Motion to dismiss of Judge Scott, Judge Hayes and the State of Tennessee; and
2. Motion to dismiss and/or summary judgment of Angela Randolph, Stacy Croley, Jean Hamilton, and Roane County.

The motions were heard July 2, 2010 and taken under advisement. The complaint was filed August 7, 2009. The referenced motions were both filed in October 2009. The Court ordered the plaintiff to file a response, and his inadequate response was filed June 28, 2010.

The plaintiff is *pro se.* Judge (now Justice) Koch has stated the applicable law related to pro se litigants as follows:

We have consistently held that parties who decide to represent themselves are entitled to fair and equal treatment by the courts, *see, e.g., Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997), and that trial courts must take into account that many pro se litigants have no legal training and little familiarity with the justice system, *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). That having been said, we must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Pro se litigants should not be permitted to shift the burden of litigating their cases to the courts or to their adversaries. Thus, trial courts should not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmunson v. Pratt*, 945 S.W.2d

-3-

754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

*Wilkerson v. Ekelem*, 2004 WL 578600, at *2 (Tenn. Ct. App. March 24, 2004).

It appears that the plaintiff was tried in a criminal case, with the first case ending in a mistrial and the second in his acquittal. The plaintiff has gone through a number of judges. Even though he prevailed in criminal court, he has launched this attack against the judges who presided in the criminal proceedings and the court clerks who administered the cases.

In this lawsuit he sues two of the prior judges for allegations contained in a stream of invectives and conclusory allegations. He does, however, contend that "all of the defendants were under the official color of law or purporting or pretending to act therein of their official duties."

This lawsuit against the judges is barred by judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 287 (1991); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 1217-18 (1967); *Graham v. Dodson*, 830 S.W.2d 70, 71 (Tenn. Ct. App. 1991).

The lawsuit against the State is barred by sovereign immunity. *Farmer v. Tennessee Dept. of Safety*, 228 S.W.3d 96, 100 (Tenn. Ct. App. 2007).

The portion of the lawsuit against the court clerks and the county is based on the allegation that the clerk "complied" with certain court orders and that the deputy clerks somehow did not "enter" or process requested subpoenas for the following:

1. Phil Bredesen
2. Judge Curtis Collier
3. Judge Janus Scott
4. Eric Holder, Attorney General
5. John Potter, Post Master General
6. Judge Eugene Eblen
7. Judge Russell Simmons
8. Kenneth Irvine, District Attorney *pro temp*

The affidavit of Ms. Hamilton indicates that all of these subpoenas were served if the address was correct. Her affidavit is incorporated into the

defendant's statement of undisputed fact. The plaintiff filed no counter-affidavit or statement as required by Tenn. R. Civ. P. 56.03. The record indicates that all subpoenas containing accurate addresses were served. The complaint fails to state what exactly these eight witnesses, including the Attorney General of the United States and the Governor, had to do with the criminal case against the plaintiff.

The unrefuted facts warrant summary judgment on the allegations related to the subpoenas. Furthermore, the complaint never explains how the plaintiff was damaged or prejudiced, assuming he was somehow deprived of the above listed witnesses.

Of course, these clerks are protected by immunity for carrying out the orders of the judge. *Foster v. White*, 864 F.2d 416, 417-18 (6th Cir. 1988).

The county appears to be sued, but no specific allegation is made against the county except that the Clerk is the Circuit Court Clerk of Roane County.

The Court also makes these tangential observations

1. The plaintiff complained about no court reporter being present. This is a civil case, and the parties have to bring a court reporter. Of course, the motions were decided on the papers before the Court, not on witnesses' testimony. *See* Tenn. R. Civ. Pro 12 and 56.
2. The plaintiff subpoenaed 60-some witnesses to the July 2, 2010 hearing on the motion, including President Obama and a number of state and federal judges. The court quashed these subpoenas.
3. The plaintiff was delayed in entering the courtroom because he was filing still another lawsuit against judges and other officials. He may have even sued the undersigned.
4. The plaintiff complained that no court clerk was present. The Court excused the clerk and her assistants since all were defendants.

For the reasons stated above, this lawsuit is DISMISSED in its entirety. Costs are taxed to plaintiff.[2]

This the 6th day of July, 2010,

_____/s/_____
Senior Judge Walter C. Kurtz

Following the entry of the above order, the plaintiff filed a series of motions that are not germane to the issues on appeal, and, thus, shall not be discussed. This appeal followed.

## DISCUSSION

In this appeal, the plaintiff raises numerous issues. He alleges that his Sixth, Eighth and Fourteenth Amendment rights under the United States Constitution have been violated by the defendants, due in part to the fact that Judges Scott and Hayes acted in absence of jurisdiction and are not immune because they are retired judges who allegedly failed to subscribe to an oath prior to acting in the plaintiff's criminal case, and that "all orders signed by these judges are of no legal effect." He also alleges that the trial judge who presided over this civil action along with the attorneys for the defendants in this action and "other known and unknown persons conspired to conduct civil proceedings in the circuit court of Roane County and to dismiss the plaintiff and appellants civil rights [action] without a clerk or deputy clerk being present or involved in the proceedings." He also alleges that the Circuit Court Clerk of Roane County and two of her deputies violated his rights in many ways, including by failing to "enter or process requested subpoenas for the following: Phil Bredesen, Judge Curtis Collier, Judge Janus Scott and Eric Holder."

We have examined the numerous issues raised and find that many of them are not properly before this court for several reasons. For one, the plaintiff asks this court to rule

_____

[2]For completeness, we also note that the trial court included two footnotes in its discussion of the court's tangential observations. At the end of the first observation, the trial court stated in a footnote: "Any party has a right to tape record a court proceeding. Tenn. Code Ann. § 20-9-104. While this statute addresses itself to attorneys, certainly a pro se litigant can have no less opportunity." At the end of the third observation, following the sentence "He may have even sued the undersigned," the trial court stated in a footnote:

A frivolous lawsuit and/or ethical complaint against a judge is not grounds for recusal. *See Dunlap v. Dunlap*, 996 S.W.2d 803, 812-813 (Tenn. Ct. App. 1998); *State v. Parton*, 817 S.W.2d 28, 30 (Tenn. Crim. App. 1991); *State v. Chouinard*, 1994 WL 318984, at *2 (Tenn. Crim. App. June 30, 1994). *See also Ethics Opinion* 94-4.

upon matters that were not presented to the trial court. Furthermore, he asks this court to rule upon the rights and responsibilities of persons who were not parties to this civil action and, thus, not parties to this appeal. We shall, therefore, limit our review to the issues that are properly before the court.

The principal issues that are properly before this court are whether the trial court erred in granting the respective motions of the State of Tennessee, Judge Scott, Judge Hayes, and defendants Randolph, Croley, Hamilton, and Roane County, thereby dismissing all claims asserted in the complaint. As for these issues, the plaintiff asks us to vacate and set aside the order dismissing this action and he requests that we remand the case to the circuit court for further proceedings, specifically for trial. Having conducted a thorough analysis of these issues, we find no error with the trial court's decision to grant the defendants' motions to dismiss and to grant summary judgment. Further, we have concluded that the reasons for the trial court's action are thoroughly and correctly stated in the order quoted above. Accordingly, we concur with the trial court's reasoning and its decision to dismiss this action as to all defendants for the reasons stated in the July 6, 2010 order. We also find an additional statutory ground that bars the plaintiff's civil rights claims under the Tennessee Governmental Liability Act. This is because the Tennessee Governmental Liability Act expressly excludes claims for violation of civil rights under 42 USC § 1983. *See* Tenn. Code Ann. § 29-20-205(2). For the reasons stated herein and in the trial court's order, which we adopt by reference, we affirm the dismissal of all of the plaintiff's claims as to all defendants. Further, due to our affirmance of the trial court's decision to dismiss, we deny plaintiff's requests to vacate the trial court's order and grant a trial.

Although the following "issues" are not properly before the court, we have elected to respond to the plaintiff's request that we grant his "motion for disclosure" by which he requests that the Presiding Judge of this court disclose why his appeal was assigned to the middle section of the court. We will also respond to his "motion for a vital audit to be conducted into the trial court's record of this case," and the request that this court conduct an investigation of the defendants "for violation of the code of judicial conduct and [illegal] and unlawful action in violation of the laws of the State of Tennessee and the United States of America."

As for why the case was assigned to a panel from the middle section, the plaintiff fails to recognize that the Court of Appeals of Tennessee is one court, a single court, not three courts. S*ee* Tenn. Code Ann. § 16-4-101 (stating there shall be an appellate court comprised of twelve judges, styled the court of appeals). The court sits "in sections concurrently *as ordered by the presiding judge* in Knoxville, Nashville and Jackson, for the purpose of hearing and determining cases before it and for such length of time as may, in the judgment of the court, be required for the dispatch of the business before the court at such places."

Tenn. Code Ann. § 16-4-112 (emphasis added). Further, members of this court routinely hear cases from grand divisions other than their own and the panels (the three judges assigned to hear the cases) may be comprised of members from more than one grand division. Moreover, panels comprised solely from one section often hear cases arising from another section of the court. Thus, the fact the plaintiff's appeal was decided by a tribunal comprised of members of the court from the middle section is not unusual nor improper.

As for the requests that this court conduct "an audit of the trial court record" and "investigate" the actions of others, we are without jurisdiction to do either. This is because the jurisdiction of the Court of Appeals is "appellate only." *See Peck v. Tanner*, 181 S.W.3d 262, 265-266 (Tenn. 2005); *Duncan v. Duncan*, 672 S.W.2d 765, 767 (Tenn. 1984); *see also* Tenn. Code Ann. § 16-4-108(a)(1) (stating the jurisdiction of the court of appeals is appellate only).[3] Appellate jurisdiction necessarily implies that the issue has been formulated and passed upon by the trial court, in this case the Circuit Court for Roane County, Tennessee. *Duncan,* 672 S.W.2d at 767. In the exercise of our appellate jurisdiction, the Court of Appeals looks "only to the record sent up from [the trial] court." *Id.* (quoting *Fine v. Lawless*, 205 S.W. 124 (Tenn. 1918)). Accordingly, this court is without jurisdiction to conduct the audit or investigation requested by the plaintiff.[4]

---

[3] In a number of cases involving the scope of appellate jurisdiction, the Supreme Court and the Court of Appeals of Tennessee have consistently held that the appellate courts cannot exercise original jurisdiction and that their jurisdiction is "appellate only." *Peck*, 181 S.W.3d at 265-66 (citing *Duncan*, 672 S.W.2d at 767; *Dorrier v. Dark*, 537 S.W.2d 888, 890 (Tenn. 1976); *Kinard v. Kinard*, 986 S.W.2d 220, 227 (Tenn. Ct. App. 1998); *Mallicoat v. Poynter*, 722 S.W.2d 681, 682 (Tenn. Ct. App.1986); *Irvin v. Binkley*, 577 S.W.2d 677, 679 (Tenn. Ct. App. 1978)).

[4] We also acknowledge that the plaintiff requested oral argument. Upon review of the briefs and the record, we concluded that oral argument would be of no benefit to the court or the parties. Furthermore, a party on appeal may request oral argument, however, oral argument is not a right and may be denied, *inter alia*, when the court determines it unnecessary in resolving the issues on appeal.

## IN CONCLUSION

For the reasons stated above, we affirm the trial court in all respects. This matter is remanded to the trial court with costs assessed against the appellant, Clifford Leon Houston.[5]

PER CURIAM

---

[5]The assessment of costs on appeal against an unsuccessful appellant is customary; notwithstanding, the fact the trial judge declared the plaintiff indigent by order entered on November 15, 2010. A declaration of indigency is for the purpose of allowing an indigent party to pursue the appeal without having to post a bond; however, a declaration of indigency does not relieve the party of the responsibility to pay costs following an unsuccessful appeal.